2010 UT 44

**STATE of Utah, Plaintiff/Appellee,**

v.

**Ronnie Lee GARDNER, Defendant/Appellant.**

No. 20100345.

Supreme Court of Utah.

June 4, 2010.

Third District, Salt Lake; The Honorable Robin W. Reese; No. 851907002.

Mark L. Shurtleff, Att'y Gen., Thomas Brunker, Erin Riley, Asst. Att'ys Gen., Robert L. Stott, Salt Lake City, for plaintiff.

Megan Blythe Moriarty, Salt Lake City, Jon M. Sands, Phoenix, AZ, Andrew Parnes, Ketchum, ID, for defendant.

PER CURIAM:

¶ 1 The Appellant Ronnie Lee Gardner has challenged the Warrant of Execution issued by the trial court in this death penalty case. He argues that the trial court erred in declining to consider claims going to the validity of his death sentence as "legal reasons" for not issuing the warrant pursuant to Utah Code section 77–19–9 (2008). He advanced no other challenges to the warrant. The State argues that this court does not have appellate jurisdiction to review the issuance of the warrant, but urges us to treat the appeal as an original petition for extraordinary writ. The State further argues that the trial court did not abuse its discretion in issuing the warrant because issues related to the validity of Appellant's sentence are not "legal reasons" within the meaning of the statute.

¶ 2 The State is correct in pointing out that a criminal defendant may appeal "a final judgment of conviction" or "an order made after judgment that affects the substantial rights of the defendant." Utah Code Ann. § 77–18a–1(1)(a)–(b) (Supp.2009). The issuance of an execution warrant is the ministerial direction that the sentence of death already imposed be implemented; it is neither a judgment of conviction nor an order that affects the rights of the defendant. The sentence itself is the judgment from which an appeal may be taken, and an order to execute the sentence is not itself a sentence. *State v. Andrews*, 843 P.2d 1027, 1028 (Utah 1992). Therefore, we conclude that the issuance of a warrant is not an appealable order. In view of this conclusion, it is apparent that a defendant would have no legal remedy for the issuance of a warrant not in compliance with the law unless it could be reviewed pursuant to a petition for extraordinary writ. The State concedes that this "court has extraordinary writ jurisdiction to review" whether

Judge Reese's ruling that denied Mr. Gardner's application for relief under 77–19–9 "was an abuse of discretion." Based on this concession, we will consider the appeal as a petition for extraordinary writ under rule 65B of the Utah Rules of Civil Procedure.

¶ 3 Under our standards for reviewing extraordinary writ requests, we limit such review to determining whether the trial court has regularly pursued its authority and has not abused its discretion. *State v. Barrett*, 2005 UT 88, ¶ 26, 127 P.3d 682. The trial court held that the "legal reason[s]" referred to in Utah Code section 77–19–9(2) are limited to reasons that would render the warrant itself or the issuance process defective, and do not include reasons why the underlying sentence is invalid. We agree. The statute requires the trial court to review only the procedural status of the case and to determine that no direct or collateral attacks on the judgment are pending, that no stays are in effect, and that there are no procedural defects in the warrant application process. Once that determination has been made the trial court "shall" issue the warrant. Utah Code Ann. § 77–19–9(2). The statute does not permit review of substantive claims that the underlying sentence is invalid such as those raised here by Mr. Gardner. To construe the "legal reason" language as Mr. Gardner proposes would not only be inconsistent with the functional nature of the warrant process, but also would be inconsistent with the procedural scheme outlined for resolution of substantive challenges to criminal judgments by the Post Conviction Remedies Act. *See id.* § 78B–9–102 (2008) (setting forth the "sole remedy" for a defendant "who has exhausted all other legal remedies" to challenge a criminal conviction).

¶ 4 We therefore hold that the trial court's interpretation of Utah Code section 77–19–9 was correct, and that it did not abuse its discretion in issuing the warrant. The request for extraordinary relief is denied.